No. 28

CRAWFORD v. MOULTON

Ohio Appeals, 9th Dist., Summit Co.

No. 1159. Decided Nov. 15, 1926

621. IMPROVEMENTS — Where Realty Company agrees to make improvements on allotment and makes only a few, it is not prejudicial error for the court to set the measure of damages as being the value of the lots, with and without the improvements as of certain date, for, since the improvements were never made, the date upon which the damages were fixed is immaterial.

FUNK, J.

This action was commenced in the Summit Common Pleas by R. K. Crawford against Gertrude Moulton, to foreclose a mortgage for the balance due on the purchase price of a lot in a new allotment, no personal judgment being sought on the note given for such purchase price which the mortgage secured.

Moulton denied any liability on the mortgage, by reason of damages claimed on two lots in said allotment purchased by her and her husband, because plaintiff's assigner had failed to comply with an agreement to make certain improvements on said allotment. Moulton was allowed damages in the sum of $1000 leaving a balance due Crawford of $514.20. Error was prosecuted by Crawford to reverse the decree of the court below on the question of damages.

It seems that Frank Moulton, the husband of the defendant, signed two separate contracts in behalf of himself and defendant, and said contracts were signed by the Inside Realty Co. "by R. K. Crawford", each containing a stipulation that the Realty Co. was to improve said allotment in various ways; that the Realty Co. held the allotment by land contract, that on March 13, 1921, by mutual consent of the Realty Co. and Frank Moulton, a deed was executed to Gertrude Moulton for one of the lots, No. 68, by the owner of the legal title. That the defendant and her husband at the same time signed a note for the balance price for lot No. 61 and executed and delivered a mortgage on said lot to the Realty Co. to serve said note, and that the husband signed and acknowledged the mortgage but his name appears only in the clause and not as a grantor; and that such note and mortgage was

transferred and assigned to Crawford, the plaintiff.

The evidence showed that The Realty Co. never obtained a deed for the land comprising the allotment that was sold by The Realty Co. and said land was sold on foreclosure proceeding against it. That the Moultons repurchased one other of the lots—No. 59 for $300 from the owner thereof, who had acquired title through said foreclosure proceedings, and that while the Realty Co. did some grading on the allotment, it never did complete those things mentioned in accordance with the written contract signed by Frank Moulton.

Crawford prosecuted error from the judgment of the lower court, claiming that the court erred in not permitting the Moultons to testify to certain conversations between them not in the known presence of a third person competent to be a witness, concerning the purchase of the lots; that the court erred in admitting the contract signed by the Realty Co. and defendant's husband for lot No. 61; that it was error to admit evidence of the damages a difference in value of the lots with and without improvements as of June 1, 1920. That the court erred in finding that lot No. 61 was assigned to defendant when he found that the contract for lot No. 59 was not so assigned. It is urged that the evidence shows only a contract with the husband alone and a mortgage obligation with the wife alone and that the only proof on the subject is the contracts and the mortgages themselves. The Court of Appeals held:

1. Other evidence, without the alleged conversations between the defendant and her husband, would warrant the court in coming to the same conclusion it did.

2. Although the contracts were signed by the husband alone and the mortgage executed by the wife alone as grantor, the record does not sustain the contentions of counsel for The Realty Co.

3. Competent evidence discloses that the purchase of Lots 59 and 61, was a joint enterprise of defendant and her husband; and the finding that the purchase of these lots was a joint enterprise, that the contract for lot No. 61 was transferred to defendant, are not manifestly against the weight of the evidence.

4. The plaintiff being President of the Realty Co., and having signed the contract and the transfer of the mortgage as such president, was charged with notice of any equities between the parties to the contracts and mortgage and note, although it is considered that plaintiff bought the note and mortgage in good faith, with no knowledge other than that defendant had acquired title to lot 61 and given a mortgage therefor and that Frank Moulton had signed a contract with the Realty Co. covering lot 59.

5. There was no prejudicial error as to the admission of evidence of the damages as of June 1, 1920, for the undisputed evidence is that the improvements were never made, so that it is immaterial as to the particular date upon which the damages were fixed.

6. It is claimed in regards to the difference of lot values with and without improvements, that while the evidence given in chief was competent as given, yet because on cross examination it was shown that they based their opinion on the cost of the improvements which could not have been shown in direct examination that such cross examination rendered the evidence in chief incompetent.

7. There is no error in this particular for when such evidence is developed a cross examination, it affects only the weight to be given to the evidence given on direct examination, and does not render it incompetent although it may destroy the effectiveness of it.

Judgment affirmed.

(Pardee, PJ., & Washburn, J., concur.)

Atotrneys—P. J. Naef & McIntosh for Crawford; W. C. Hutchinson for Moulton; all of Akron.